UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DONALD GEISS, JR.,

        **Defendant.**

5:19-CR-215 (NAM)
5:18-CR-244 (NAM)
5:09-CR-592 (NAM)

---

**APPEARANCES:**

Michael F. Perry
Office of the United States Attorney
100 South Clinton Street
Syracuse, NY 13261
*Attorney for the United States*

Courtenay K. McKeon
Office of the Federal Public Defender
4 Clinton Square, Third Floor
Syracuse, NY 13202
*Attorney for the Defendant*

**Hon. Norman A. Mordue, Senior U.S. District Court Judge:**

### ORDER

Now before the Court is Defendant's renewed emergency motion for compassionate release to home confinement due to the COVID-19 pandemic. (Dkt. Nos. 21, 30).[1] The Government opposes the motion. (Dkt. No. 27).

I.    **BACKGROUND**

Defendant was sentenced on December 9, 2019 to 65 months imprisonment upon his plea of guilty to multiple counts of wire fraud (18 U.S.C. § 1343) and aggravated identity

---

[1] Defendant's renewed motion for compassionate release was filed in case nos. 5:09-CR-00592; 5:18-CR-00244; and 5:19-CR-00215. For purposes of this motion, the Court will only refer to documents filed in case 5:19-CR-00215, unless otherwise specified.

theft (18 U.S.C. § 1028A(a)(1)).  (Dkt. No. 17).  Defendant was on supervised release for a prior fraud conviction when he committed these crimes, and the Court sentenced him to 6 months imprisonment for the supervised release violation, to be served consecutive to the 65 months in this case.  (*See* Case No. 5:09-CR-592, Dkt. No. 32).  Defendant is now 44 years old, and he is currently being held at USP Canaan, with a projected release date of August 31, 2023.[2]

Defendant filed his initial motion for compassionate release on April 8, 2020 (Case No. 5:18-CR-244, Dkt. No. 39), which the Court denied without prejudice because Defendant had not exhausted his administrative remedies, (*Id.*, Dkt. No. 42).  Defendant then filed a petition for compassionate release with the Warden at USP Canaan on April 20, 2020, which the Warden denied on April 28, 2020.  (*See* Dkt. No. 21-1, pp. 6, 8).  Now Defendant renews his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that extraordinary and compelling circumstances warrant his immediate release.  (Dkt. No. 21).

## II. LEGAL STANDARD

Generally, courts "may not modify a term of imprisonment once it has been imposed" except when expressly permitted by statute.  18 U.S.C. § 3582(c).  However, the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), authorized courts to reduce a term of imprisonment where:

> [U]pon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without

---

[2] Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (July 1, 2020, 3:35 PM).

> conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.* Therefore, compassionate release is only appropriate when the following conditions are met: (1) the exhaustion requirement is satisfied; (2) extraordinary and compelling reasons warrant a reduction of the prison sentence; (3) the factors set forth at 18 U.S.C. § 3553(a) support the reduction; and (4) the reduction is consistent with the Sentencing Commission's policy statements.

### III. DISCUSSION

Defendant states that he suffers from a number of serious medical conditions that would put him at increased risk if he contracted COVID-19, including type 2 diabetes and hypertension. (Dkt. No. 21, pp. 3–4; Dkt. No. 30, pp. 1–2). Defendant argues that the BOP's efforts to control the spread of the virus have been ineffective, which places inmates with preexisting conditions, like Defendant, at especially heightened risk. (Dkt. No. 21, pp. 6–13). Defendant further asserts that social distancing and mask wearing are not possible due to the close quarters in his dormitory. (Dkt. No. 21-1, pp. 1–2; Dkt. No. 30, pp. 3–4). Defendant claims that he would be better protected from the virus if he were released to live at home with

his wife and two sons. (Dkt. No. 30, p. 4). Defendant asserts that he would not pose a danger to the community because he "has no history of violence" and "[c]onditions could be imposed to limit [his] access to computers, which were the instruments involved in his crimes." (Dkt. No. 21, pp. 13–14; *see also* Dkt. No. 30, pp. 4–5).

In response, the Government opposes Defendant's motion because: (1) "[h]is medical ailments are well-controlled and do not presented any impediment to his ability to provide self-care in the institution"; and (2) Defendant poses a danger to the community and the Section 3553(a) factors strongly weigh against his release. (Dkt. No. 27, pp. 6–12).

First, the Court recognizes that the health situation in many BOP facilities across the country is very serious. The COVID-19 pandemic has created unprecedented challenges for the BOP, and the virus has affected some prison facilities more severely than others. Significantly, as of July 1, 2020, the BOP reports that there are no "confirmed active cases" of COVID-19 among inmates and staff at USP Canaan.[3] Thus, it appears that Defendant's claim that the BOP has not taken appropriate precautions at USP Canaan is inaccurate. Moreover, a review of Defendant's prison medical records indicates that his conditions, while serious, are stable and well-treated. (*See generally* Dkt. No. 21-3). Under these circumstances, the Court finds that Defendant has failed to show "extraordinary and compelling reasons" warranting a reduction of his sentence. In reaching this conclusion, the Court has considered Defendant's age, present health status, and the current circumstances at USP Canaan.

The Court has also considered the balance of factors under 18 U.S.C. § 3553(a), which weigh against early release, particularly given the seriousness of Defendant's original offense and his past criminal conduct, which includes repeated use of aggravated fraud schemes for

---

[3] Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (July 1, 2020, 3:36 PM).

personal gain. (*See generally* Dkt. No. 35). The Court also notes that Defendant has over three years remaining on his sentence.

For the foregoing reasons, the Court finds that relief is not warranted at this time. Accordingly, Defendant's motion is denied.

### IV. CONCLUSION

Wherefore, it is hereby

**ORDERED** that Defendant's motion for compassionate release (Case No. 5:09-CR-592, Dkt. No. 34; 5:18-CR-244, Dkt. No. 49; and Case No. 5:19-CR-215, Dkt. No. 21) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve copies of this Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Dated: July 1, 2020
Syracuse, New York

*/s/ Norman A. Mordue*
Norman A. Mordue
Senior U.S. District Judge